UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARLENE JEFFERSON

    Plaintiff,                            CASE NUMBER: 8:08-cv-1337-T30-EAJ

v.

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

    Defendant.
_____/

## OPPOSED MOTION BY STEVEN G. WENZEL, WENZEL & FENTON, P.A. AND WENZEL, FENTON, CABASSA P.A. TO WITHDRAW AS PLAINTIFF'S COUNSEL

Steven G. Wenzel, Wenzel & Fenton, P.A. and Wenzel, Fenton, Cabassa, P.A. hereby move to withdraw from representation of the Plaintiff in this matter. The grounds are stated below.

1.    Pursuant to a written agreement dated March 5, 2007, Wenzel & Fenton, P.A. ("W&F") and Steven G. Wenzel agreed to represent Plaintiff MARLENE JEFFERSON in pre-litigation negotiations against the Florida Department of Corrections (the "Agreement"). In that Agreement, Plaintiff agreed to several things, including to be responsible for all costs associated with the case and she further agreed as follows:

> "Client shall not discuss the subject matter of the cause described in Paragraph 1 [pre-litigation negotiations with the EEOC against the Florida Department of Corrections] with anyone other than W&F without W&F's express permission. W&F are the chief legal counsel in Client's cause and have final decision making authority on all legal questions pertaining to said cause, after consultation with the Client. Client shall: (1) follow the advice and instructions of W&F; (2) cooperate fully with W&F in the handling of the cause; (3) act in connection with said cause only through W&F; and (4) avoid all acts that are illegal, immoral, or unethical that might jeopardize said cause."

2. Thereafter, Wenzel & Fenton participated in the Department of Corrections' Inspector General's internal investigation of Ms. Jefferson's complaint to the United States Equal Employment Opportunity Commission ("EEOC"), participated and provided representation to her in connection with the EEOC investigation (which was resulted in a finding that cause existed to believe that Title VII had been violated) and participated in the representation of Ms. Jefferson's interests before the United States Department of Justice ("DOJ"), a required step when a public agency is the proposed defendant in a Title VII action.

3. Prior to filing the instant action, this law firm sought the payment of the filing fee from Ms. Jefferson. Ms. Jefferson paid the filing fee and repudiated her obligation under the Agreement to pay further costs by stating that "If you need any additional funds [beyond the filing fee which she had supplied], you will need to charge them against my settlement."

4. Thereafter, Plaintiff and her mother communicated in writing to various state officials, including Governor Charlie Crist, about this legal matter in direct breach of the provision quoted above. Indeed, Ms. Jefferson's mother wrote to the undersigned counsel and stated that she had communicated, with the help of the Plaintiff, to both the Governor and to the head of the Department of Corrections.

5. In December, 2008, Plaintiff left a telephone voicemail message for her counsel, suggesting that he was complicit in the delay in processing the case and had in some way assisted the Department of Corrections in preventing the Plaintiff from getting justice. She instructed counsel, with a deadline of December 31, 2008, to resolve the case.

6. By letter dated December 17, 2008, counsel advised that he could not meet that deadline, that the Plaintiff had breached her Agreement, and that the Department of Corrections

was alleging that the Complaint had not been timely filed [a position later repudiated by Defendant.] A copy of counsel's December 17, 2008 letter is attached to this pleading.

7. Plaintiff and her counsel met in January, 2009 and counsel learned for the first time that the Plaintiff had filed bankruptcy and that she had not listed the lawsuit as an asset of her estate. Thereafter, counsel, as he must under the bankruptcy code and the judicial estoppel line of cases, brought that matter to the Court's attention.

8. Upon receiving a copy of this Court's Order directing that the bankruptcy Trustee file an appearance, Plaintiff then directed counsel to take all steps necessary to prevent that from happening.

Based on the above and despite Ms. Jefferson's apology in January, 2009, counsel is of the belief that he can no longer vigorously represent Plaintiff's interests in this matter and seeks the Court's permission to withdraw from it and an enlargement of time for Plaintiff to find new counsel.

Dated this 29 day of July, 2009.

Respectfully submitted,

/s/ Steven G. Wenzel
**STEVEN G. WENZEL, ESQUIRE**
Florida Bar Number: 159055
Wenzel Fenton Cabassa, P.A.
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
(813) 224-0431 Telephone
(813) 229-8712 Facsimile
swenzel@wenzelfenton.com

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 29, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notice of an electronic filing to:

Mitchell L. Feldman, Esquire
Silver, Levy, Feldman & Bass, P.A.
2701 N. Rocky Point Dr., Ste. 1000
Tampa, Florida 33607

and that a copy of the foregoing has been sent via regular U.S. Mail to the following:

Marlene Jefferson
6550 150th Avenue N.
Apt. B101
Clearwater, Florida  33760

/s/ Steven G. Wenzel
**STEVEN G. WENZEL, ESQUIRE**